IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

KALEB GILMORE,

    Plaintiff,

v.

GLYNN COUNTY SUPERIOR COURT,

    Defendant.

CIVIL ACTION NO.: 2:18-cv-68

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Mr. Gilmore, initiated this action by filing an "Affidavit of Truth" requesting removal of his state court criminal case to federal court under 28 U.S.C. § 1443.[1] (Doc. 1 at 1.) Mr. Gilmore alleges the lack of funding for indigent defense prevented a proper investigation into his case in violation of his due process and equal protection rights. (Id. at 2–3.) Thus, according to Mr. Gilmore, removal is authorized under 28 U.S.C. § 1443. (Id.) Because Mr. Gilmore fails to plead a proper basis for removal jurisdiction under § 1443, I **RECOMMEND** the Court **REMAND** this action to Glynn County Superior Court and **DIRECT** the Clerk of Court to **CLOSE** this case.[2]

---

[1]     Mr. Gilmore's motion is titled "Affidavit of Truth Requesting the Transfer of Claimants State Case to Federal Court Invoking Federal Statute 28 U.S.C. § 1443." "Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." Retic v. United States, 215 F. App'x 962, 964 (11th Cir. 2007) (quoting Castro v. United States, 540 U.S. 375, 381 (2003)). Federal courts "may do so in order to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis." Id. (quoting Castro, 540 U.S. at 381–82). In accordance with these principles, the Court construes Mr. Gilmore's Motion as a Notice of Removal.

[2]     The Clerk of Court instructed Plaintiff to pay a filing fee or to request to proceed *in forma pauperis*. (Doc. 2.) In response, Plaintiff correctly pointed out that neither filing fees nor *in forma pauperis* status is required for a § 1443 removal request. (Doc. 3.) See Lefton v. City of Hattiesburg, 333

**DISCUSSION**

Section 1443 allows criminal defendants to remove a criminal action from state court to federal court in certain limited circumstances, namely in cases involving laws that provide for equal civil rights. See 28 U.S.C. § 1443; Florida v. Bugoni, No. 8:13-CV-653, 2013 WL 1632134, at *2 (M.D. Fla. Apr. 16, 2013). Courts must promptly examine requests for removal under § 1443 and order a summary remand when "it clearly appears on the face of the notice . . . that removal should not be permitted." 28 U.S.C. § 1455(b)(4); Alabama v. Thomason, 687 F. App'x 874, 880 (11th Cir. 2017) (affirming the court's *sua sponte* remand of a criminal defendant's § 1443 removal request); Taylor v. Phillips, 442 F. App'x 441, 443 n.3 (11th Cir. 2011) (internal quotation marks omitted) ("[T]he district court may—and, indeed, must—remand a removed case *sua sponte* if at any time before final judgment it appears that the district court lacks subject matter jurisdiction."); Florida v. Walker, No. 6:15-CV-555, 2015 WL 4509667, at *2 (M.D. Fla. July 24, 2015) (quoting Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("A district court has the obligation, at the earliest stage possible, to 'inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.'")).

A criminal defendant may seek removal under either § 1443(1) or (2), but subsection (2) is only available to "federal officers or agents and those authorized to act with or for them . . . ." Taylor, 442 F. App'x at 443 (quoting City of Greenwood v. Peacock, 384 U.S. 808, 824 (1966)); see also Jimenez v. Wizel, 644 F. App'x 868, 870 (11th Cir. 2016); Marcus v. Galvez, 522 F. App'x 878, 880–81 (11th Cir. 2013). Mr. Gilmore's filings contain no indication that he is a

---

F.2d 280, 285 (5th Cir. 1964) ("Filing fees are not to be collected in connection with criminal removal petitions."); Georgia v. Castaneira, No. 1:11-CV-3054, 2011 WL 5514000, at *1 n.2 (N.D. Ga. Oct. 11, 2011) ("Because filing fees are not required for removal of a criminal action under § 1443, it is not necessary to grant Petitioner *in forma pauperis* status in this action."). Accordingly, I **DIRECT** the Clerk's office to withdraw the deficiency notice regarding filing fees entered on the docket.

2

federal officer, federal agent, or was authorized to act with or for any federal officer or agent. Therefore, there is no basis for removal under § 1443(2).

Removal requests under § 1443(1) must satisfy a two-part test first articulated in Georgia v. Rachel. Georgia v. Rachel, 384 U.S. 780, 800 (1966); Alabama v. Conley, 245 F.3d 1292, 1295 (11th Cir. 2001). "Failure to satisfy either prong of the two-pronged test is fatal to removal." Florida v. Beasley, No. 3:13CV593, 2013 WL 6536920, at *2 (N.D. Fla. Dec. 13, 2013) (quoting Williams v. State of Mississippi, 608 F.2d 1021, 1022 (5th Cir. 1979)); see also Rachel, 384 U.S. at 788. Under § 1443(1), the party seeking removal must first show that "the right upon which the petitioner relies arises under a federal law providing for specific civil rights stated in terms of racial equality." Taylor, 442 F. App'x at 442 (quoting Conley, 245 F.3d at 1295). This first prong of the Rachel test is frequently determinative: removal is only appropriate for asserted violations of rights premised in racial equality, not for violations of civil rights laws of "general application available to all persons or citizens." Rachel, 384 U.S. at 792; Taylor, 442 F. App'x at 442–43 ("Blanket charges that a defendant is unable to obtain a fair trial in state court are insufficient to support removal."); Conley, 245 F.3d at 1295–96 (noting § 1443(1) claims relying on the "right to a fair trial" or based on "broad assertions under the Equal Protection Clause . . . are insufficient"). If the petitioner makes this showing, he must satisfy the second prong by showing that he has "been denied or cannot enforce that right in the state courts." Id. Generally, this requires a denial "manifest in a formal expression of state law." State v. Weber, 665 F. App'x 848, 851 (11th Cir. 2016); Beasley, 2013 WL 6536920, at *2 (quoting Rachel, 384 U.S. at 792) (noting formal manifestations are usually "state legislative or constitutional provision[s], 'rather than a denial first made manifest in the trial of the case.'").

3

Here, Mr. Gilmore alleges that a "funding 'crisis' that plagues Georgia's Indigent Defense System" resulted in a denial of his equal protection and due process rights. (Doc. 1 at 4.) He claims that state lawmakers, agencies, and local officials failed to allocate adequate funding for indigent defendants, and, therefore, prevented him from proffering expert testimony about evidence used against him and made a fair trial impossible. (Id. at 1–2.) Under the first part of the Rachel test, only denials of civil rights based on racial equality suffice. Plaintiff alleges violations of equal protection and due process rights, but these are "broad constitutional guarantee[s] of general application[,]" not laws based on racial equality. Rachel, 384 U.S. at 792. Because Mr. Gilmore's request for removal is not premised on denial of a right implicating racial equality, the request fails the first prong of the Rachel test. There is no need to evaluate the second prong of the test. Removal is not warranted under § 1443(1).

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **DENY** Plaintiff's request, **REMAND** these proceedings to the appropriate Glynn County, Georgia, court, and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Gilmore.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 12th day of December, 2018.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA